**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL ALEXANDER, on behalf of himself and others similarly situated,

Plaintiff,

v. CASE NO. 8:16-CV-859-17JSS

CERTEGY CHECK SERVICES, INC.,

Defendant.
_________________________________/

**ORDER**

THIS CAUSE comes before the Court upon Defendant Certegy Check Services, Inc.'s motion to dismiss Plaintiff Michael Alexander's Amended Complaint (Dkt. 37) to which Plaintiff has responded in opposition (Dkt. 46). Upon consideration, the motion to dismiss is **GRANTED**, to the extent that Plaintiff's claims are dismissed without prejudice and with leave to amend.

**BACKGROUND**

Plaintiff Michael Alexander brings this putative class action against Defendant Certegy Check Services, Inc. pursuant to the Fair Credit Reporting Act ("FCRA") and Florida's Deceptive and Unfair Trade Practices Act. Certegy, which is a "consumer reporting agency" as that term is defined in the FCRA, moves to dismiss the Amended Complaint with prejudice. (Dkt. 32 at ¶ 9). Certegy's primary argument is that the Amended Complaint fails to adequately allege that Certegy reported or maintained inaccurate information about Plaintiff. After careful review, the Court agrees with Certegy. The relevant facts follow.

Certegy is one of the largest check authorization companies in the United States. (Id. at ¶¶ 4, 7). Certegy's merchant clients use its check authorization services "to help them accept checks from customers with confidence that the checks are not fraudulent." (Id. at ¶ 7). Before recommending that a merchant accept a check, Certegy considers the customer's identification, "any unpaid debts in the form of previous returned checks, and a variety of risk factors bearing on the likelihood that a check will be returned unpaid by the consumer's financial institution." (Id. at ¶ 8).

On May 15, 2014, Plaintiff attempted to purchase a washer and dryer at a Lowe's Home Improvement store. (Id. at ¶ 17). Plaintiff tendered a personal check in the amount of $1,352.78. (Id.). The check was declined by Certegy's system. (Id. at ¶ 18). At the time, "Plaintiff had stellar credit and a nearly perfect credit score." (Id.). "Further, no past factors existed that would negatively impact [Certegy's] consumer report to the extent that [Plaintiff's] check would be declined." (Id.).

After the check was declined, Plaintiff immediately called Certegy and disputed the accuracy of its consumer report. (Id. at ¶ 19). A Certegy representative informed Plaintiff that the check was "declined by Certegy's computer-based model and due to information they had on Plaintiff," but refused to provide a more detailed reason. (Id.). Plaintiff demanded that Certegy conduct an investigation and correct all inaccuracies in its consumer report. (Id.).

Certegy's website allows a consumer whose check has been declined to request the disclosure of detailed file information. (Id. at ¶ 20). Plaintiff used this system and received a response from Certegy, which stated, in relevant part:

The transaction was processed correctly and is not a result of negative

> information. When a check is presented, the transaction goes through Certegy's computer based models. Each transaction is reviewed for patterns that might appear different to a customer's normal check writing habits such as the location of the transaction, check series, dollar amount and check writing history. This is in addition to the security guidelines that are set in place for each particular merchant on our service.

(Id.). Certegy then invited Plaintiff to either use a different form of payment, such as a credit card or cash, or to participate in the "Certegy VIP program," which "will greatly reduce the chance of a decline." (Id.). Certegy never provided Plaintiff with a more specific reason for declining his check. (Id.).

On December 4, 2015, Plaintiff initiated this action in the U.S. District Court for the District of Columbia. (Dkt. 1). Certegy moved to dismiss pursuant to Rule 12(b)(6), and simultaneously moved to transfer the case to the Middle District of Florida, Tampa Division pursuant to 28 U.S.C. § 1404(a), citing the fact that Certegy and Plaintiff reside in the Tampa Division, the underlying events took place in this district, and Plaintiff asserts a claim under Florida law. (Dkts. 7, 8). Plaintiff did not oppose Certegy's motion to transfer, and the case was transferred to this Court on April 11, 2016. (Dkts. 12, 14). In connection with the transfer, Certegy's initial motion to dismiss was terminated.

On May 3, 2016, Plaintiff filed an Amended Complaint, which alleges a claim for negligent violations of the FCRA (Count I), a claim for willful violations of the FCRA (Count II), and a claim pursuant to Florida's Deceptive and Unfair Trade Practices Act (Count III). Certegy now moves to dismiss each claim. Certegy further maintains that the dismissal should be with prejudice because the Amended Complaint fails to correct the deficiencies identified in Certegy's initial motion to dismiss. (Dkt. 37 at 1).

## STANDARD

A complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. The factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Although a court must accept as true all factual allegations, that rule does not extend to legal conclusions. Iqbal, 556 U.S. at 678. Thus, a complaint that relies on "labels and conclusions or a formulaic recitation of the elements of a cause of action" is not sufficient to state a claim for relief. Id. (internal quotation marks omitted). Only when a complaint includes well-pleaded factual allegations will a court assume the veracity of those facts and determine whether the facts give rise to a plausible claim. Id. at 679.

## DISCUSSION

### FCRA (Counts I and II)

Congress enacted the Fair Credit Reporting Act "with the intent to protect the accuracy of consumer credit information and to expedite resolution of credit-related disputes." Rapappport v. Green Tree Servicing, LLC, No. 13-61624-CV, 2013 WL 5728731, at *5 (S.D. Fla. Oct. 22, 2013). The FCRA creates a private right of action against a consumer reporting agency for the negligent, 15 U.S.C. § 1681o, or willful, 15 U.S.C.

§ 1681n, violation of any duty imposed under the Act. Collins v. Experian Info. Sols., Inc., 775 F.3d 1330, 1333 (11th Cir. 2015).

In Counts I and II of the Amended Complaint, Plaintiff alleges that Certegy negligently and willfully violated its duties under 15 U.S.C. § 1681e(b) and § 1681i(a). Section 1681e(b) requires a consumer reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information" contained in a consumer report. 15 U.S.C. § 1681e(b). Section 1681i(a) provides that, if a consumer disputes the accuracy of information contained in a consumer file, the consumer reporting agency "shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file[.]" 15 U.S.C. § 1681i(a)(1)(A). To establish a violation of either provision, a plaintiff must make a threshold showing that the credit reporting agency reported or maintained inaccurate information. Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir.1991); Lazarre v. JPMorgan Chase Bank, N.A., 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011).

Certegy argues that the Amended Complaint fails to adequately allege that Certegy reported or maintained inaccurate information about Plaintiff. As explained below, the Court agrees that additional factual allegations are necessary in order for Plaintiff to state a plausible violation of Section 1681e(b) and Section 1681i(a).

Plaintiff does not specifically allege that Certegy reported or maintained inaccurate information about him. Instead, Plaintiff contends that such an inference may be drawn because Plaintiff "had stellar credit and a nearly perfect credit score" with "no past factors . . . that would negatively impact [Certegy's] consumer report to the extent that his check

would be declined." (Dkt. 32 at ¶ 18). Because his check was, in fact, declined, Plaintiff maintains that Certegy's information must be inaccurate. (Id. at ¶¶ 18-19). Plaintiff argues that such an inference is particularly warranted in light of Certegy's failure to provide a more specific reason for declining his check. (Id. at ¶ 21).

By contrast, Certegy points out that the Amended Complaint specifically alleges that Plaintiff's check was declined "not [as] a result of negative information," but based on Certegy's computer models, which consider "patterns that might appear different to a customer's normal check writing habits such as the location of the transaction, check series, dollar amount and check writing history," as well as "security guidelines" set by Certegy's merchant clients. (Id. at ¶ 20). Indeed, Certegy takes into account "a variety of risk factors bearing on the likelihood that a check will be returned" by the consumer's bank. (Id. at ¶ 8). In light of these allegations, Certegy argues that it is wholly speculative to infer that Plaintiff's check was declined as a result of inaccurate information in Plaintiff's consumer report or file, rather than as a result of Certegy's accurate assessment that other risk factors were present.

As the parties' arguments indicate, the Amended Complaint is susceptible to competing inferences. For the purposes of the instant motion, the controlling question is whether Plaintiff's proffered inference is "reasonable." Iqbal, 556 U.S. at 678. In making this determination, the Court is mindful that factual allegations that are "merely consistent with," rather than suggestive of, a finding of liability will not support a reasonable inference. Twombly, 550 U.S. at 557. Similarly, if an "obvious alternative explanation" for the challenged conduct exists, a reasonable inference is not supported. Id. at 567; Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010).

In this case, the Amended Complaint provides an alternative explanation for Certegy's conduct: Plaintiff's check was declined due to Certegy's accurate assessment of risk factors associated with the check and/or Plaintiff's check-writing history. This alternative explanation is "obvious" because the Amended Complaint includes no facts relating to Plaintiff's check-writing history. For instance, Plaintiff does not allege that he wrote his checks in a series, that he previously wrote checks for similar large amounts, or that he previously submitted checks to a home improvement store. Plaintiff also does not allege that his "stellar credit" and "nearly perfect credit score" were based, in any part, on his check-writing history. Absent additional facts, this Court cannot reasonably infer that the decline of the check was based on inaccurate information.

Accordingly, the Court finds that the Amended Complaint is not sufficient to nudge Plaintiff's "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. However, because it appears that Plaintiff may be able to cure the deficient allegations, Plaintiff's request to amend (Dkt. 46 at 12) will be granted.

In addition to the alleged statutory violations under 15 U.S.C. § 1681e(b) and § 1681i(a), Plaintiff alleges that Certegy "failed to maintain a streamlined process for consumers to request free annual file disclosures," in violation of 12 C.F.R. § 1022.137, and required "consumers to provide more information than is reasonably necessary to properly identify them in order to provide their annual file disclosure." (Dkt. 32 at ¶¶ 15-16, 37, 47). As Certegy correctly observes, this conclusory allegation merely tracks the language of 12 C.F.R. § 1022.137(a)(2)(ii), and it is therefore not entitled to any presumption of truth. Twombly, 550 U.S. at 555. Plaintiff points to no other relevant supporting facts in the Amended Complaint, and he therefore fails to state a claim based on a violation of 12 C.F.R. § 1022.137.

Based on the foregoing, Certegy's motion to dismiss the FCRA claims (Counts I and II) is granted, to the extent that Counts I and II are dismissed without prejudice and with leave to amend.

**FDUTPA (Count III)**

Plaintiff attempts to plead a factually-similar claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), which prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). In particular, Plaintiff alleges that Certegy engaged in unfair and deceptive practices by holding itself out as a reliable check authorization company and by failing to follow reasonable procedures to assure the maximum possible accuracy of the information that it maintained about Plaintiff. (Dkt. 32 at ¶¶ 55-56).

Under FDUTPA, an "unfair" practice requires a showing of conduct that is "substantially injurious" to consumers, and a "deceptive" practice requires conduct that is "likely to mislead consumers." Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). For the reasons explained above, Plaintiff does not plausibly allege that Certegy reported or maintained inaccurate information about Plaintiff. And within Count III, Plaintiff alleges no other facts to substantiate his claim that Certegy provided unreliable services, or that Certegy failed to follow reasonable procedures. As a result, Plaintiff fails to plausibly allege an injurious or misleading act or practice.

Alternatively, Plaintiff may allege a per se violation of FDUTPA by identifying a violation of a statute or regulation that "proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(3)(c). Because Plaintiff has not successfully alleged a violation of the FCRA, the Court declines to address whether Plaintiff alleges a per se FDUTPA violation.

Based on the foregoing, Certegy's motion to dismiss the FDUTPA claim is granted, to the extent that Count III is dismissed without prejudice and with leave to amend. The Court does not reach Certegy's remaining challenges to the FDUTPA claim, which may be re-asserted in a subsequent motion.[1]

**CONCLUSION**

Upon consideration, it is **ORDERED** that:

(1) Defendant's Motion to Dismiss (Dkt. 37) is **GRANTED**, to the extent that the Amended Complaint is dismissed without prejudice and with leave to amend.

(2) Plaintiff shall file a Second Amended Complaint with **fourteen days of the date of this Order**. Failure to timely file a Second Amended Complaint will result in the dismissal of this action without further notice.

**DONE AND ORDERED**, in Chambers, in Tampa, Florida on this 4th day of October, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record

---

[1] To the extent that Certegy re-asserts its arguments regarding the Rule 9(b) heightened pleading standard and the "trade or commerce" element of Plaintiff's FDUTPA claim, Certegy is encouraged to discuss conflicting case law on these issues. See, e.g., Alvi Armani Med., Inc. v. Hennessey, 629 F. Supp. 2d 1302, 1306 (S.D. Fla. 2008) (holding that the "trade or commerce" element was sufficiently pleaded); James D. Hinson Elec. Contracting Co. v. Bellsouth Telecomms., Inc., No. 3:07-CV-598, 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008) (same); Finerman v. Marriott Vacations Worldwide Corp., No. 3:14-CV-1154, 2015 WL 5440611, at *2 (M.D. Fla. Sept. 15, 2015) (explaining that courts are divided as to whether a FDUTPA claim must be pleaded with particularity under Rule 9(b)).