## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL ALEXANDER, on behalf of
himself and others similarly situated,

     Plaintiff,

v.                                                    CASE NO. 8:16-CV-859-17JSS

CERTEGY CHECK SERVICES, INC.,

     Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Certegy Check Services,

Inc.'s Third Motion to Dismiss (Dkt. 56) to which Plaintiff Michael Alexander has responded

in opposition (Dkt. 57).  Upon consideration, the motion to dismiss is granted in part and

denied in part.

## BACKGROUND

Plaintiff brings this putative class action against Certegy Check Services, Inc.

pursuant to the Fair Credit Reporting Act ("FCRA") and Florida's Deceptive and Unfair

Trade Practices Act ("FDUTPA").  On October 4, 2016, the Court dismissed Plaintiff's First

Amended Complaint because Plaintiff failed to allege that Certegy reported or maintained

inaccurate information, which is a threshold element of Plaintiff's FCRA claims.   In the

Second Amended Complaint, Plaintiff includes additional facts that cure this problem.

However, Plaintiff includes no facts to substantiate his claim that Certegy's violations were

"willful" within the meaning of the FCRA, and he continues to assert a violation of 12 C.F.R.

§ 1022.137 in only conclusory terms.

Certegy is one of the largest check authorization companies in the United States. (Dkt. 55 at ¶¶ 4, 7). On May 15, 2014, Plaintiff attempted to purchase a washer and dryer at a Lowe's Home Improvement store. (Id. at ¶ 17). Plaintiff tendered a personal check in the amount of $1,352.78, which was declined by Certegy's system. (Id. at ¶¶ 17-18).

After the check was declined, Plaintiff immediately called Certegy and disputed the accuracy of its consumer report. (Id. at ¶ 20). A Certegy representative informed Plaintiff that the check was "declined by Certegy's computer-based model and due to information they had on Plaintiff," but refused to provide a more detailed reason. (Id.). Plaintiff demanded that Certegy conduct an investigation and correct all inaccuracies in its consumer report. (Id.).

Certegy's website allows a consumer whose check has been declined to request the disclosure of detailed file information. (Id. at ¶ 21). Plaintiff used this system to request information on his consumer report and Certegy responded as follows:

> The transaction was processed correctly and is not a result of negative information. When a check is presented, the transaction goes through Certegy's computer based models. Each transaction is reviewed for patterns that might appear different to a customer's normal check writing habits such as the location of the transaction, check series, dollar amount and check writing history. This is in addition to the security guidelines that are set in place for each particular merchant on our service.

(Id.). Certegy never provided Plaintiff with a specific reason for declining his check. (Id. at ¶ 22).

Plaintiff contends that the decline of his check was based on inaccurate information. The Second Amended Complaint includes the following new allegations:

> Plaintiff had a long history of writing checks, particularly for large purchases which include for consumer use. The amount of the check that was declined here was neither extraordinary in the amount of the check nor outside his

2

> checking writing habit or history. Moreover, Plaintiff typically wrote checks to pay bills and for other large amounts, and did so in a series. Moreover, at the time the check in question was written, Plaintiff had more than enough to cover the amount of the check.  Nonetheless, Plaintiff's check was declined by Certegy's check authorization system.

(Id. at ¶ 19).  Plaintiff also notes that he "had stellar credit and a nearly perfect credit score" and "no past factors existed that would negatively impact [Certegy's] consumer report to the extent that [Plaintiff's] check would be declined."  (Id. at ¶ 18).

## STANDARD

A complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible on its face when the plaintiff includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  The factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Although a court must accept as true all factual allegations, that rule does not extend to legal conclusions.  Iqbal, 556 U.S. at 678.  Thus, a complaint that relies on "labels and conclusions or a formulaic recitation of the elements of a cause of action" is not sufficient to state a claim for relief.  Id. (internal quotation marks omitted).  Only when a complaint includes well-pleaded factual allegations will a court assume the veracity of those facts and determine whether the facts give rise to a plausible claim.  Id. at 679.

## DISCUSSION

### FCRA (Counts I and II)

The FCRA creates a private right of action against a consumer reporting agency for the negligent, 15 U.S.C. § 1681o, or willful, 15 U.S.C. § 1681n, violation of any duty imposed by the FCRA. Collins v. Experian Info. Sols., Inc., 775 F.3d 1330, 1333 (11th Cir. 2015). Plaintiff alleges that Certegy is a consumer reporting agency that negligently (Count I) and willfully (Count II) violated its duties under 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681i(a), and 12 C.F.R. § 1022.137. (Dkt. 55 at ¶¶ 9, 11-13).

Certegy argues that the Second Amended Complaint fails to allege a plausible violation of any duty imposed by the FCRA. Certegy also argues that Plaintiff fails to allege actual damages, as necessary to support a claim for a negligent violation under 15 U.S.C. § 1681o, and that Plaintiff fails to allege the requisite "willful" conduct under 15 U.S.C. § 1681n. These arguments are addressed in turn.

### 1. 15 U.S.C. § 1681e(b) and § 1681i(a)

Section 1681e(b) requires a consumer reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information" contained in a consumer report. 15 U.S.C. § 1681e(b). In a related provision, Section 1681i(a) provides that when a consumer disputes the accuracy of information contained in a consumer file, the consumer reporting agency "shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file[.]" 15 U.S.C. § 1681i(a)(1)(A). To establish a violation of either section, a plaintiff must make a threshold showing that the

4

credit reporting agency actually reported or maintained inaccurate information. <u>Cahlin v.</u>

<u>Gen. Motors Acceptance Corp.</u>, 936 F.2d 1151, 1156 (11th Cir.1991); <u>Lazarre v. JPMorgan</u>

<u>Chase Bank, N.A.</u>, 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011).

The Court previously determined that Plaintiff failed to adequately allege that

Certegy reported or maintained inaccurate information. (Dkt. 54 at 5-7). In particular, the

last complaint suggested that Plaintiff's check was declined not based on inaccurate

information, but based on Certegy's accurate assessment of risk factors associated with

the check and/or Plaintiff's check-writing history. (<u>Id.</u> at 7). The Court explained:

> [T]he Amended Complaint includes no facts relating to Plaintiff's check-writing history. For instance, Plaintiff does not allege that he wrote his checks in a series, that he previously wrote checks for similar large amounts, or that he previously submitted checks to a home improvement store. Plaintiff also does not allege that his "stellar credit" and "nearly perfect credit score" were based, in any part, on his check-writing history. Absent additional facts, this Court cannot reasonably infer that the decline of the check was based on inaccurate information.

(Dkt. 54 at 7).

Certegy maintains that the Second Amended Complaint is similarly deficient.

However, the Second Amended Complaint includes additional facts relating to Plaintiff's

check-writing history. Plaintiff alleges that he previously wrote checks in large amounts for

consumer purchases, that he wrote checks in a series, and that he had enough money to

cover the check. (Dkt. 55 at ¶ 19). These new allegations are augmented by allegations

that Plaintiff "had stellar credit and a nearly perfect credit score" with "no past factors . . .

that would negatively impact [Certegy's] consumer report to the extent that his check would

be declined." (<u>Id.</u> at ¶ 18). Because Plaintiff's check was declined—despite Plaintiff's

consistent check-writing history and nearly perfect credit score—and because Certegy

informed Plaintiff that the decline was based on information about Plaintiff (id. at ¶ 20), the Second Amended Complaint permits a reasonable inference that Certegy's information was inaccurate.

Certegy also argues that the Second Amended Complaint does not state plausible claims under 15 U.S.C. § 1681e(b) and  § 1681i(a) because Plaintiff only conclusorily alleges that Certegy failed to follow reasonable procedures to ensure the accuracy of its reported information.  Again, the Court is not persuaded.  As explained above, Plaintiff plausibly alleges that Certegy was actually reporting inaccurate information, and Plaintiff also alleges that Certegy never provided a specific reason for declining his check.  (Id. at ¶¶ 18-22).  These allegations support a reasonable inference that Certegy failed to follow procedures necessary to ensure the accuracy of its information and that Certegy failed to adequately investigate consumer disputes.  Ray v. Equifax Info. Servs., LLC, 327 F. App'x 819, 826 (11th Cir. 2009).

## 2. 12 C.F.R. § 1022.137

In addition to violations of 15 U.S.C. § 1681e(b) and § 1681i(a), Plaintiff alleges that Certegy violated 12 C.F.R. § 1022.137, by failing to "maintain a streamlined process for consumers to request free annual file disclosures," and by "requiring consumers to provide more information than is reasonably necessary to properly identify them in order to provide their annual file disclosure."  (Dkt. 55 at ¶¶ 15-16).  The Court previously dismissed this portion of Plaintiff's claims as conclusory because the allegations simply tracked the language of 12 C.F.R. § 1022.137.  (Dkt. 54 at 7).

As Certegy points out in the motion to dismiss, the Second Amended Complaint suffers from the same defect.  (See Dkt. 55 at ¶¶ 15-16, 37, 47).  In response, Plaintiff

argues that Certegy has a confusing web page and that Certegy improperly required Plaintiff to provide a driver's license number, his date of birth, and routing and account numbers.  (Dkt. 57 at 5-9).

These facts are not alleged in the Second Amended Complaint.  Moreover, the Court declines to read these facts into the Second Amended Complaint based on documents that Plaintiff attaches to his response brief.  Plaintiff will be given a final opportunity to amend the complaint to allege a plausible violation of 12 C.F.R. § 1022.137. To promote clarity, Plaintiff shall plead this claim in a separate count.

### 3. Negligent and willful violations

In Count I, Plaintiff asserts that Certegy's violations of 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681i(a), and 12 C.F.R. § 1022.137 were negligent, entitling him to actual damages under 15 U.S.C. § 1681o. In Count II, Plaintiff alleges that those same violations were willful, entitling him to statutory and punitive damages under 15 U.S.C. § 1681n.

With respect to Count I, Certegy argues that Plaintiff includes no facts demonstrating that he suffered actual damage.[1]  However, unless Plaintiff is claiming special damages, he is not required to allege damages with specificity. Fed. R. Civ. P. 8(a)(3); Fed. R. Civ. P. 9(g). The motion is therefore denied on this issue.

With respect to Count II, Certegy more persuasively argues that Plaintiff fails to plausibly allege "willful" conduct. The Second Amended Complaint merely alleges that the violations were "willful," without pleading any facts in support of this legal conclusion. (Dkt. 55 at ¶¶ 44, 46, 48).  Count II is therefore dismissed with leave to amend.  See, e.g.,

_____

[1] Certegy does not dispute that Plaintiff has alleged the requisite injury-in-fact for Article III standing purposes.  (Dkt. 55 at ¶¶ 38, 49).

Moody v. Ascenda USA Inc., No. 16-CV-60364, ___ F. Supp. 3d. ___, 2016 WL 4721240, at *4 (S.D. Fla. June 24, 2016) (holding that allegations of willfulness were sufficient); Gullo v. Equifax Info. Servs. LLC, No. 8:15-cv-1312, 2016 WL 3221735, at *4 (M.D. Fla. June 8, 2016) (same); Speer v. Whole Food Mkt. Grp., Inc., No. 8:14-CV-3035, 2015 WL 1456981, at *4 (M.D. Fla. Mar. 30, 2015) (same).

### FDUTPA (Count III)

In Count III, Plaintiff brings a parallel claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), which prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). Plaintiff alleges that Certegy engaged in unfair and deceptive practices by holding itself out as a reliable check authorization company and by failing to follow reasonable procedures to assure the maximum possible accuracy of the information that it maintained about Plaintiff. (Dkt. 55 at ¶¶ 55-56).

Certegy repeats its argument that the Second Amended Complaint does not plausibly allege that Certegy maintained inaccurate information or that Certegy failed to follow reasonable procedures. As discussed above, the Court disagrees on both points. Certegy's motion to dismiss the FDUTPA claim is therefore denied.

### CONCLUSION

Upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) Defendant Certegy Check Services, Inc.'s Third Motion to Dismiss (Dkt. 56) is **GRANTED IN PART**. Count II of the Second Amended Complaint is dismissed without prejudice and with leave to amend because Plaintiff fails to allege "willful" conduct. Counts

I and II are dismissed without prejudice and with leave to amend to the extent that those claims assert a violation of 12 C.F.R. § 1022.137. If Plaintiff elects to re-plead and allege a violation of 12 C.F.R. § 1022.137, that claim must be pleaded in a separate count.  The motion to dismiss is otherwise **DENIED**.

(2) Plaintiff may file a Third Amended Complaint with **14 days** of the date of this Order.  Absent exceptional circumstances, this will be Plaintiff's final opportunity to amend.

**DONE AND ORDERED**, in Chambers, in Tampa, Florida on this 29th day of December, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record